May 11, 2018

**Supreme Court**

State                  :             No. 2016-316-C.A.

                                       (P1/14-1415B)

v.                     :

Brandon Alves.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                 :            No. 2016-316-C.A.
                                     (P1/14-1415B)

v.                 :

Brandon Alves.       :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, Brandon Alves (Alves or defendant), appeals from a Superior Court judgment of conviction on count 1, robbery in the first degree, and count 2, conspiracy. Alves was found guilty of both counts by a jury, and the trial justice sentenced him to the Adult Correctional Institutions for fifteen years, with six years to serve and nine years suspended with probation as to count 1, and ten years suspended as to count 2. Alves seeks to have his conviction and sentence vacated, and asks this Court to grant him a new trial on the grounds that the trial justice erred in admitting into evidence identification testimony and a photograph identification. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

On February 7, 2014, Farhan Mustafa was closing his cell-phone-repair shop for the evening when two men entered from the back door and held "guns right in [his] face" and robbed him. Mustafa recognized one of the assailants as "Big D." Although he did not know the second assailant, Mustafa testified that the man was "very familiar," and that he had observed him for ten to fifteen seconds from less than two feet away. Mustafa called the Providence police to report the incident and also called his friend, Ryan Gallant, who, Mustafa testified, knew Big D.

At the Providence police station, Mustafa met with Detective Ronald Riley and described the assailants. He described the second assailant as between five feet eight inches and five feet ten inches tall, with a medium complexion. Detective Riley then showed Mustafa a series of ten to fifteen photographs, from which Mustafa identified the first assailant, Big D. The following day, Det. Riley presented Mustafa with another photo array to identify the second assailant, but Mustafa did not find the second assailant among the photographs presented.

Later that day, in a further attempt to identify the second assailant, Mustafa and Gallant visited a website that featured pictures of patrons at various Rhode Island nightclubs. After looking at between twenty and twenty-five photographs, Mustafa identified a photograph depicting the second assailant. Mustafa recognized the assailant "right away." Gallant informed Mustafa of the name of the man Mustafa had identified in the photograph. Mustafa printed the website photograph and brought it to Det. Riley. Detective Riley asked Mustafa to draw a circle around the individual he identified. Mustafa then wrote "Brandon New Bedford" in the upper left corner of the image, and signed and dated the photograph.

On April 16, 2014, Mustafa received a text message from Gallant reporting the then-current location of the second assailant. Mustafa informed the police, who responded and arrested Alves. Two days later, Det. Riley showed Mustafa a single photograph of Alves from a shared-law-enforcement database. Detective Riley testified that he showed Mustafa a single photograph because "[Mustafa] [had] already identified the suspect in the previous photo he gave" to Det. Riley, and that this single photograph was meant to confirm "the name and date of birth" of the suspect. According to Det. Riley, "As soon as [he] put the * * * photo [of Alves] down in front of [Mustafa]," Mustafa "immediately identified" the individual depicted as the second assailant, with one hundred percent confidence.

Alves was charged with first-degree robbery and conspiracy. He filed a motion to suppress the single photograph shown to Mustafa by Det. Riley. At a hearing on the motion, Alves argued that the identification procedure was "unnecessarily suggestive," and that there was a "substantial likelihood of misidentification" such that he was denied due process of law. The trial justice denied Alves's motion and determined that the photographic depiction was not "an unnecessarily suggestive procedure." A jury trial commenced shortly thereafter, which resulted in Alves's conviction for first-degree robbery and conspiracy. He timely appealed to this Court.

## II

### Standard of Review

"It is well established that decisions concerning the admissibility of evidence are 'within the sound discretion of the trial justice, and this Court will not interfere with the trial justice's decision unless a clear abuse of that discretion is apparent.'" *State v. Adams*, 161 A.3d 1182, 1194 (R.I. 2017) (quoting *State v. Mohapatra*, 880 A.2d 802, 805 (R.I. 2005)). "The trial justice will not have abused his or her discretion as long as some grounds supporting his or her decision appear in the record." *Id.* (quoting *State v. Evans*, 742 A.2d 715, 719 (R.I. 1999)).

## III

### Discussion

### A

The defendant's first assertion of error is that the trial justice abused his discretion in admitting Mustafa's testimony concerning his handwritten notation on the photograph Mustafa

had procured from the internet. The defendant argues that this testimony was impermissible hearsay.[1]

"Hearsay is defined in Rule 801(c) of the Rhode Island Rules of Evidence as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *State v. Gomez*, 116 A.3d 216, 226 (R.I. 2015) (quoting R.I. R. Evid. 801(c)). "Rule 802 of the Rhode Island Rules of Evidence sets forth the general prohibition against the admissibility of hearsay statements other than those well-recognized exceptions carved out by law." *Id.* "[A] determination of whether an out-of-court statement meets an exception to the hearsay rule is within the trial justice's discretion." *Id.* (quoting *State v. Watkins*, 92 A.3d 172, 187 (R.I. 2014)). "Under this standard, this Court will uphold the trial justice's ruling unless a clear 'abuse of discretion that prejudices the complaining party is shown.'" *Id.* (quoting *Watkins*, 92 A.3d at 187).

At trial, the state questioned Mustafa, "[D]id you write anything on the photo when you saw Detective Riley?" and Mustafa began to answer, "[Gallant told] me that is his name so I wr[o]te it[,]" at which point defense counsel objected. The trial justice overruled the objection and stated, "I will permit the answer to stand to explain why he wrote on the photograph. It is not for the truth of the matter asserted, only to explain why he would make a marking on that photograph and no other reason."

On appeal, defendant argues that the trial justice should have stricken Mustafa's answer, which explained that Gallant informed him of the name of the individual depicted in the photograph they found online, as impermissible hearsay. We are of the opinion, however, as was

---

[1] The defendant also argues that his "name could have been obscured or redacted" from the photograph exhibit; but defendant neither objected to the written caption nor requested a redaction before the trial justice. Therefore, this issue is waived. *See State v. Feliciano*, 901 A.2d 631, 646 (R.I. 2006).

the trial justice, that the testimony at issue was not offered "for the truth of the matter asserted"—i.e., that a man named Brandon was the individual in the photograph—but was offered, instead, to explain why Mustafa wrote on the photograph. Mustafa had already, on his own, identified the individual depicted in the photograph as the second assailant. As noted by the trial justice in his oral ruling on defendant's motion to suppress the identification, Mustafa "immediately without any difficulty, without any hesitation when he saw Mr. Alves' face in that group photograph he said that is the second guy who robbed him."

Moreover, the jurors had access to the photographic evidence and could determine for themselves whether defendant was the individual depicted in the photograph. Finally, we note that Gallant testified at trial and was thereby subject to cross-examination regarding his statement to Mustafa about the name of the individual in the photograph. *See State v. Jaiman*, 850 A.2d 984, 990 (R.I. 2004) ("Even evidence that traditionally would be categorized as hearsay * * * d[oes] not alter the fact that the Confrontation Clause's requirements are satisfied when a hearsay declarant is present at trial, is placed under oath and is subject to unrestricted cross-examination, thus affording the jury an opportunity to observe the witness's demeanor."). Therefore, the trial justice did not abuse his discretion, and the statement at issue was not hearsay.

**B**

The defendant's second assignment of error is that the trial justice abused his discretion by failing to suppress the single photograph of defendant shown to Mustafa by Det. Riley. The defendant argues that the display of the single photograph by Det. Riley violated his right to due process and was "unnecessarily suggestive and misleading."

"In reviewing the denial of a motion to suppress an identification that was allegedly tainted by an unduly suggestive procedure, we carry out a two-step analysis." *State v. Franco*, 750 A.2d 415, 420 (R.I. 2000). "First, we must determine whether 'the totality of circumstances discloses procedures that were so unnecessarily suggestive and conducive to irreparable mistaken identification that it constituted a denial of due process of law.'" *Id.* (quoting *State v. Andrade*, 657 A.2d 538, 541 (R.I. 1995)). "Only if we determine that the procedures were unduly suggestive do we proceed to the second step of our analysis and assess the reliability of the identification." *Id.* Absent "a very substantial likelihood of irreparable misidentification[,]" the out-of-court identification should be admitted. *Simmons v. United States*, 390 U.S. 377, 384 (1968).

In the case under review, we need go no further than the first prong of the analysis, indeed if we need go that far. The presentation to Mustafa of the single photograph of defendant was not so much an identification procedure as it was a confirmation of the identification that Mustafa had already made. The evidence revealed that Mustafa was accosted by two individuals brandishing guns as he was closing his cell-phone-repair shop. He had a clear view of their faces for ten to fifteen seconds, from two feet away. Mustafa immediately recognized one of the assailants and said that the other had a very familiar face.

With the help of Gallant, but without any police assistance, Mustafa was soon able to positively identify defendant as the second assailant. Approximately two months later, after defendant was arrested, Mustafa instantly identified the second suspect from the individual photograph depicting defendant. Under these circumstances, we are satisfied that the use of a single photograph was neither unnecessarily suggestive, nor did it implicate defendant's right to due process. *See Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012) ("[D]ue process

- 6 -

concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary.").

The facts here are analogous to those in *State v. Luciano*, 739 A.2d 222 (R.I. 1999), in which this Court ruled that "use of an individual picture of [a] defendant was not unnecessarily suggestive" where witnesses had identified the defendant as the shooter before they were shown the individual photograph of the defendant, because the police had not suggested that the man in the photograph was the shooter, but "simply showed the picture to confirm [the witnesses' previous] identification." *Luciano*, 739 A.2d at 226. Here, Mustafa identified defendant through his own research, without the help of the police. Detective Riley's display of the individual photograph to Mustafa was strictly a means to confirm the identification Mustafa had already made and relayed to police. Consequently, the photograph display was not unduly suggestive, and the trial justice did not abuse his discretion in admitting the photograph into evidence.

The defendant also argues that the trial justice erred in admitting the photograph because he did not consider whether Mustafa's identification was reliable. Again, this Court has made clear that "[o]nly if we determine that the procedures were unduly suggestive do we proceed to the second step of our analysis and assess the reliability of the identification." *Franco*, 750 A.2d at 420. Because this Court has determined that the photograph display was not unduly suggestive, we need not proceed to any further analysis regarding reliability.

## IV

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Brandon Alves. |
| **Case Number** | No. 2016-316-C.A. (P1/14-1415B) |
| **Date Opinion Filed** | May 11, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Daniel A. Procaccini |
| **Attorney(s) on Appeal** | For State:<br><br>Owen Murphy<br>Department of Attorney General<br><br>For Defendant:<br><br>Susan B. Iannitelli, Esq. |